Jeffrey A. DICKSTEIN, et al., Plaintiffs,

v.

INTERNAL REVENUE SERVICE, et al., Defendants.

Civ. No. A85–591.

United States District Court, D. Alaska.

Feb. 20, 1986.

Jeffrey A. Dickstein, Stancia Y. Dickstein, pro se.

Michael R. Spaan, U.S. Atty., Mark Davis, Asst. U.S. Atty., Anchorage, Alaska, Karen L. Elias, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## OPINION

REDDEN, Judge:

Plaintiffs bring this action to force the Internal Revenue Service (IRS) to respond to a request made by them under 5 U.S.C. § 552, the Freedom of Information Act (FOIA). Plaintiffs now move for judgment on the pleadings, alleging that they are entitled to prevail on their first cause of action as a matter of law. Defendants move the court for an order of dismissal of plaintiffs' first cause of action. I grant defendants' motion and deny plaintiffs' motion.

## BACKGROUND

On April 25, 1985, plaintiffs wrote to the IRS requesting copies of the federal tax assessments determined under 26 U.S.C. §§ 6203 and 6303 of the Internal Revenue Code (IRC). In their letters plaintiffs stated that they were making their requests pursuant to the FOIA. The Anchorage office of the IRS wrote back to plaintiffs in May stating that plaintiffs' assessment information was available under § 6203 of the IRC, and not under the FOIA. Those letters informed plaintiffs that they should request their assessment information from the Ogden, Utah Service Center, and provided plaintiffs with that address.

On May 22, 1985, plaintiffs wrote to the Commissioner of the Internal Revenue Service in Washington, D.C. appealing the Anchorage office's "denial" of their FOIA request. The office of chief counsel of the IRS wrote back to plaintiffs in June 1985, stating that the letters from the Anchorage office were not denials of their FOIA requests. The letter went on to explain that the records that plaintiffs were seeking were kept at the Ogden, Utah Service Cen-

**1006**

ter and that was where plaintiffs should have directed their request. The office of the chief counsel then stated that it had forwarded plaintiffs' requests to the appropriate Ogden office. In a letter dated July 10, 1985, plaintiffs were informed that their requests had been received in Ogden and had been forwarded to the correct department for processing.

## DISCUSSION

Plaintiffs requested information which was available to them pursuant to § 6203 of the IRC. Defendants state that in processing taxpayer information requests they are bound to proceed according to the Official Information Handbook, Internal Revenue Manual. Section (13)46(11) of that handbook states:

(1) Requests for documents which can be processed routinely in accordance with established procedures should not be diverted to Privacy Act or Freedom of Information Act procedures simply because the requester may cite such acts. For instance requests for copies of returns available to the requester pursuant to Code § 6103, or for documents available pursuant to Code § 6104 or 6110, should be processed in accordance with those provisions, regardless of whether the requester may cite the Privacy Act or the Freedom of Information Act as authority.

■ Defendants state that the information requested by these plaintiffs was available under § 6203 of the IRC and that is why they did not process plaintiffs' requests under the FOIA. Defendants further state that the Anchorage office did not deny plaintiffs' requests at any point. Rather, defendants argue, they fully complied with plaintiffs' requests, directing them to the appropriate office from which to obtain the information they wanted, and finally actually forwarding plaintiffs' requests for them. Thus, defendants argue, plaintiffs' first cause of action for denial of their FOIA requests must be dismissed for failure to state a claim upon which relief can be granted. Defendants also note that

the IRS has forwarded all requested information that it has in its possession to plaintiffs. Defendants have not failed to provide plaintiffs with documents if they have not generated such documents. An agency is not required under the FOIA to create documents in order to respond to a request. *Kissinger v. Reporter's Committee for Freedom of the Press,* 445 U.S. 136, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980).

Plaintiffs, on the other hand, argue that the mid-May letters to them were denials of their FOIA requests and as such they are entitled to judgment on the pleadings regarding their first cause of action.

■ I do not agree with plaintiffs that the letters they received from the Anchorage office were denials of their FOIA requests. Instead, I find that defendants properly processed plaintiffs' requests under § 6203 of the IRC, and that any delay in plaintiffs obtaining their requested information was their failure to notify the Ogden Service Center once they were directed there. The letters from the Anchorage office to plaintiffs stated:

This is in response to your letter of April 25, 1985 requesting information under the Freedom of Information Act (FOIA). As you noted in your paragraph 5, Assessment Information is available under IRC § 6203; therefore, the Service will not process such a request under the FOIA.

Please address your request for Federal Tax Assessment to the service center that issued the assessment. For the Ogden Center the address is:

Internal Revenue Service
1160 West 1200 South
Attn: Technical Unit
Ogden, Utah 84201

This was not a denial of plaintiffs' FOIA requests. Rather, defendants were informing plaintiffs that they need not proceed under the FOIA because the information was available to them pursuant to other procedures which involved less red tape and bureaucratic hassle.

■ Plaintiffs also filed a supplemental brief in which they argued that the IRS proceeded illegally in referring their request to the Ogden Service Center. Plaintiffs cite 26 C.F.R. 601.702(c) as supportive of their position. Plaintiffs argue that that section only provides for an IRS referral of a FOIA request when the requested documents are in the possession of a constituent unit of the Department of Treasury. Thus, plaintiffs argue the IRS is prohibited from referring FOIA requests to other units within the IRS. I do not find this argument to be persuasive.

First, plaintiffs' reading of the regulation is far too narrow. I do not think the regulation *prohibits* an intra-agency referral. Rather, the regulation provides a mechanism for the IRS to transfer misguided requests to the appropriate source. Secondly, as I have already ruled, the IRS did not process plaintiffs' requests as falling within the FOIA, because they could be processed under an IRC provision with greater ease.

■ Lastly, I note that plaintiffs have filed a motion for sanctions against the IRS. In light of the rulings that I have just made, I deny plaintiffs' motion. The IRS properly processed plaintiffs' requests, and it has forwarded all the information which it presently has in its possession.

Defendants' motion to dismiss is granted as plaintiffs have failed to state a claim upon which relief can be granted. Fed.R. Civ.P. 12(b)(6). Plaintiffs' motion for judgment on the pleadings regarding their first claim is denied. Likewise, plaintiffs' motion for sanctions against the IRS is denied.